UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 09-10387 |
| ) | |
| STEPHEN CLIFFORD, ) | |
| Defendant. ) | |

**FINAL ORDER OF FORFEITURE
IN PARTIAL SATISFACTION OF MONEY JUDGMENT ($20,820.00)**

Wolf\_\_\_\_, D.J.

WHEREAS, on December 16, 2009, the United States Attorney for the District of Massachusetts filed a six-count Information charging defendant Stephen Clifford (the "Defendant") with Willful Violation of Sections 206 and 217 of the Investment Advisors Act, in violation of 15 U.S.C. §§ 80b-6(1), 80b-6(2), 80b-6(4) and 80b-17, and 18 U.S.C. § 2 (Count One); Wire Fraud, in violation of in violation of 18 U.S.C. §§ 1343 and 2 (Count Two); Mail Fraud, in violation of 18 U.S.C. §§ 1341 and 2 (Count Three); Subscribing to False Tax Return, in violation of 26 U.S.C. § 7206(1) and 18 U.S.C. § 2(b) (Counts Four through Six);

WHEREAS, the Information sought the forfeiture, upon conviction of any offenses in violation of 18 U.S.C. §§ 1341 and/or 1343 alleged in Counts Two and Three of the Information, of any property, real or personal, that constitutes, or is derived from, proceeds traceable to the offenses, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

WHEREAS, the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially

diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p);

WHEREAS, on May 4, 2010, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Six of the Information pursuant to a written Plea Agreement, which the Defendant signed on February 27, 2010;

WHEREAS, in Section 9 of the Plea Agreement, the Defendant agreed to forfeit to the United States any and all assets subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) as a result of his guilty plea;

WHEREAS, the assets to be forfeited include, but are not limited to, cash, stocks, bonds, certificate of deposit, tangible and intangible personal property and real estate;

WHEREAS, the Defendant further admitted that the proceeds traceable to his violations amounted to $4,326,271.86 in United States currency;

WHEREAS, the Defendant acknowledged and agreed that the $4,326,271.86 in proceeds of his crimes cannot be located upon exercise of due diligence, or has been transferred or sold to, or deposited with, a third party, placed beyond jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty;

WHEREAS, the Defendant further agreed to consent to the entry of an order of forfeiture in the form of a money judgment in the amount of $4,326,271.86 in United States currency;

WHEREAS, on October 26, 2010, as a result of the Defendant's guilty plea and his admissions in the written Plea Agreement, this Court issued an Order of Forfeiture consisting of a personal money judgment against the Defendant in the amount of $4,326,271.86 in United

States currency;

WHEREAS, in addition, this Court ordered that the United States was entitled to amend its Order of Forfeiture at any time to substitute property having a value not to exceed that of the Money Judgment to satisfy the Money Judgment, in whole or in part;

WHEREAS, on January 31, 2011, this Court issued a Preliminary Order of Forfeiture for substitute assets in the amount of $20,820.00 in United States currency (the "Currency"), pursuant to 18 U.S.C.§ 981(a)(1)(C), 28 U.S.C.§ 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure;

WHEREAS, notice of the Preliminary Order of Forfeiture was sent to all interested parties and published on the government website www.forfeiture.gov for thirty (30) consecutive calendar days, beginning on March 15, 2011 and ending on April 13, 2011; and

WHEREAS, no claims of interest in the Currency have been filed with the Court or served on the United States Attorney's Office, and the time within which to do so has expired.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1.      The United States' Motion for a Final Order of Forfeiture in Partial Satisfaction of Money Judgment ($20,820.00) is allowed.

2.      The United States of America is now entitled to the forfeiture of all right, title, or interest in the Currency, and the Currency is hereby forfeited to the United Sates of America pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

3.      Any parties having any right, title or interest in the Currency are hereby held in default.

4.      The United States is hereby authorized to dispose of the Currency in accordance with applicable law.

5.     This Court shall retain jurisdiction to enforce this order and to amend it as necessary, pursuant to Rule 32.2(c) of the Federal Rules of Criminal Procedure.

DONE AND ORDERED in Boston, Massachusetts, this 5 day of _April_, 2013.

_____
United States District Judge