UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CRIMINAL NO. 09-10387-MLW |
| ) | |
| STEPHEN CLIFFORD, ) | |
| Defendant. ) | |

### FINAL ORDER OF FORFEITURE
### IN PARTIAL SATISFACTION OF MONEY JUDGMENT (Rockland Trust Funds)

**WOLF, S.D.J.**

WHEREAS, on December 16, 2009, the United States Attorney for the District of Massachusetts filed a six-count Information charging defendant Stephen Clifford (the "Defendant") with Willful Violation of Sections 206 and 217 of the Investment Advisors Act, in violation of 15 U.S.C. §§ 80b-6(1), 80b-6(2), 80b-6(4) and 80b-17, and 18 U.S.C. § 2 (Count One); Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Count Two); Mail Fraud, in violation of 18 U.S.C. §§ 1341 and 2 (Count Three); and Subscribing to False Tax Return, in violation of 26 U.S.C. § 7206(1) and 18 U.S.C. § 2(b) (Counts Four through Six);

WHEREAS, the Information sought the forfeiture, upon conviction of any offense in violation of 18 U.S.C. §§ 1341 and/or 1343 set forth in Counts Two and Three of the Information, of any property, real or personal, that constitutes, or is derived from, proceeds traceable to the offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

WHEREAS, the Information further provided that if any of the forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred to, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of this Court; (d) has been substantially diminished in value; or (e) has

been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such forfeitable property, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p);

WHEREAS, on May 4, 2010, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Six of the Information;

WHEREAS, on June 29, 2011, this Court issued an Order of Forfeiture consisting of a personal money judgment against the Defendant in the amount of $4,326,271.86 in United States currency;

WHEREAS, in addition, this Court ordered that the United States was entitled to move to amend its Order of Forfeiture at any time to substitute property having a value not to exceed that of the Money Judgment to satisfy the Money Judgment, in whole or in part;

WHEREAS, on June 29, 2011, this Court granted a Preliminary Order of Forfeiture for a) $44,719.83 on deposit in Rockland Trust account number 4444949 and b) $72.00 on deposit in Rockland Trust account number 297200, totaling $44,791.83[1] (collectively, the "Rockland Trust Funds"), pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure;

WHEREAS, notice of the Preliminary Order of Forfeiture was sent to all interested parties and published on the government website www.forfeiture.gov for thirty (30) consecutive calendar days, beginning on July 14, 2011 and ending on August 12, 2011; and

WHEREAS, no claims of interest in the Rockland Trust Funds have been filed with the

---

[1] When the government commenced forfeiture of the Rockland Trust Funds, the seizing agency reported that the funds on deposit in the two accounts totaled $44,719.83. However, with accrued interest, the amount of funds received from Rockland Trust in compliance with Preliminary Order of Forfeiture totaled $49,248.

2

Court or served on the United State Attorney's Office, and the time within which to do so has expired.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The United States' Motion for a Final Order of Forfeiture is allowed.

2. The United States of America is now entitled to the forfeiture of all right, title or interest in the Rockland Trust Funds, and they are hereby forfeited to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Rule 32.2(c) of the Federal Rules of Criminal Procedure.

3. All other parties having any right, title or interest in the Rockland Trust Funds are hereby held in default.

4. The United States Marshal Service is hereby authorized to dispose of the Rockland Trust Funds in accordance with applicable law.

Date: April 5, 2013

_____
MARK L. WOLF
United States Senior District Judge

3